IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MR. JEROME JULIUS BROWN, SR.,<br>  *Lis Pendens, SMC*<br><br>  Plaintiff,<br><br>  v.<br><br>CLERK MASHASIN EL AMIN<br>  LAW & AQUITY,<br>CLERK MASHASIN EL AMIN<br>  LAND RECORDS,<br>CLERK MASHASIN EL AMIN<br>  AT LARGE CCCT@CO.PG.,<br>MRS. SUZANNE D. HILLMAN,<br>  *President CEO*,<br>MISS MASHASIN EL AMIN,<br>  *Clerk of Circuit Court*,<br>MISS KRYSTAL QUINN ALVES,<br>  *District and Circuit Judge*,<br>JUDGE HILL<br>  CASE NO. CAL 21 05442 GRANTED,<br><br>  Defendants. | Civil Action No.:  PX-21-3122 |

**MEMORANDUM**

Jerome Julius Brown has filed suit related to real property located in Maryland.  ECF No. 1.  He invokes this Court's diversity jurisdiction.  Brown has not yet paid the $452 filing fee, nor has he sought leave to proceed in forma pauperis. The Court will not require Brown to correct this deficiency because the Complaint must be dismissed for lack of subject matter jurisdiction.

Federal courts are ones of limited jurisdiction. A federal court "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005).  Federal Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94

(2010), *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–07 (2006) (Fed. R. Civ. Proc. 12(b)(1) authorizes lack of subject-matter jurisdiction to be raised by a party or by a court on its own initiative at any stage in the litigation). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir.1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir.2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir.2010); accord *Hertz*, 599 U.S. at 96; *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir.2010).

Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Brown appears to live in College Park, Maryland. ECF No. 1 at 1. Three of the Defendants are also located in Maryland and the property at issue is also located in Maryland. *Id*. at 2, 4. Therefore, complete diversity of citizenship is lacking, and the Complaint must be dismissed.

A separate Order follows.

|  |  |
|---|---|
|    12/23/21    |    /S/    |
| Date | Paula Xinis |
|  | United States District Judge |